UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLO ANTONIO DEL CONTE,<br><br>    Petitioner,<br><br>    v.<br><br>DEAN BORDERA, Warden, California Institute for Men,<br><br>    Respondent.[1] | Case No. 15-cv-04076-EDL<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding *in propria persona* with the assistance of his mother, a non-attorney to whom he has granted power of attorney, seeks a writ of habeas corpus. Due to an inadvertent administrative docketing issue, the Petition and associated motions were not ruled upon until now. The Court regrets the delay. For the reasons that follow, the Court dismisses the petition without prejudice to Petitioner filing a civil rights complaint, and denies the pending motions as moot.

## DISCUSSION

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

---

[1] In accordance with Federal Rule of Civil Procedure 25(d), the Court substitutes the Santa Clara County Sheriff as Respondent because he is Petitioner's current custodian.

Summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.      Petitioner's Claims

Petitioner alleges that he is an incarcerated gay man infected with the Human Immunodeficiency Virus ("HIV"). Though the basis for Petitioner's claim is somewhat unclear, it appears that his petition is based on alleged mistreatment by other inmates and corrections personnel during the course of his confinement, including an attack by another prisoner, racial and ethnic slurs and derogatory comments relating to his sexual orientation by guards, denial of necessary medication causing a dangerous chemical withdrawal, refusal to transfer him to a different housing unit, lost property and mail delays, and denial of medical and psychiatric consultation prior to an improper transfer of facilities. Petitioner contends that this alleged mistreatment has violated his Due Process rights and the Americans With Disabilities Act and constitutes cruel and unusual punishment under federal and state law.

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). This petition for habeas relief does not attempt to challenge either Petitioner's conviction or the length of his sentence, though the petition does request that Petitioner be released from state custody to the custody of his mother. Days after filing his petition, Petitioner also filed a "Motion for Immediate Visitation and Release to Mother's Custody" and a request for an expedited hearing on the Motion containing the same basic allegations and demands as the Petition, as well as an additional demand for visitation rights. Though Petitioner demands his release, he does not challenge his underlying conviction or allege that he has exhausted his state court remedies with respect to any such challenge.[2] Further, he provides no legal basis for the Court to Order his release from state custody as a remedy for the alleged civil rights violations. Where, as here, a

---

[2] Under 28 U.S.C. § 2254(b)(1)(A), federal courts may not grant a writ of habeas corpus brought by a person in state custody unless "the applicant has exhausted the remedies available in the courts of the State." See Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008).

2

successful challenge to a prison condition or to action by an outside party will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is the proper vehicle and habeas jurisdiction is absent. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003); see also Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is the proper method of challenging conditions of confinement).

In appropriate cases, the Court may convert a flawed habeas petition into a civil rights action. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971), superseded by statute on other grounds as stated in Woodford v. Ngo, 548 U.S. 81, 84 (2006); see also Hansen v. May, 502 F.2d 728, 729-30 (9th Cir.1974) ("Despite the labeling of his complaint, he was, therefore, entitled to have his action treated as a claim for relief under the Civil Rights Act." (citation omitted)). However, conversion is not appropriate here.

First, there is no indication that Petitioner has exhausted his administrative remedies as required by the Prison Litigation Reform Act (PLRA"), 42 U.S.C. § 1997e(a). Further, the congressionally mandated filing fee for a prisoner civil rights complaint is currently $400.00 in contrast to the $5.00 filing fee for habeas petitions. While a civil rights action may proceed despite the prisoner's inability to prepay the entire filing fee if he is granted leave to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(a), he must still agree to pay the entire filing fee in installments, even if his complaint is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) and (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002). Here, Petitioner has neither paid the $400.00 fee to file a civil rights action nor has he filed an IFP application.

The Court dismisses the Petition without prejudice so that Petitioner has the opportunity to decide whether he wishes to incur the $400.00 filing fee and raise his claims through a civil rights complaint pursuant to 42 U.S.C. § 1983. See Jones v. Haws, No. CV 0806309 PSG (FFM), 2009 WL 4015432, at * 3 (C.D.Cal. Nov. 18, 2009) ("Because of the filing fee requirements of the PLRA, its provisions requiring sua sponte review of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless it is clear he or she wishes to do so.").

**CONCLUSION**

For the foregoing reasons, this Petition is DISMISSED without prejudice. Petitioner is advised that his claims should be brought, if at all, in a federal civil rights action, pursuant to 42 U.S.C. § 1983, rather than as a habeas petition. The Clerk shall terminate all pending motions and close the file.

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural [rulings]." Slack v. McDaniel, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Accordingly, a COA is denied.

**IT IS SO ORDERED.**

Dated: May 26, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge